IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL GEOFFREY PETERS, § | | |
| TDCJ No. 2019190, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | | No. 3:22-cv-2213-L-BN |
| § | | |
| TEXAS DEP'T OF CRIMINAL JUSTICE,§ | | |
| GREG ABBOTT, and KEN PAXTON, § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael Geoffrey Peters, a Texas prisoner, was not convicted and sentenced by a state court in this district and is incarcerated at TDCJ's Stringfellow Unit, a prison outside this district. He nevertheless filed in this district a *pro se* civil rights complaint, alleging that he was wrongly convicted and seeking $3.3 billion in damages. *See* Dkt. No. 2. Peters also moves for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 3. And United States District Judge Sam A. Lindsay referred Peters' complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily deny the IFP motion and dismiss this action with prejudice under prior sanctions entered by the United States District Court for the Southern District of Texas or, *in the alternative*, the Court should dismiss this action without prejudice under 28 U.S.C. § 1915(g) unless, within the

time to file objections to this recommendation or by some other deadline established by the Court, Peters pays the full filing fee of $402.00.

First, earlier this year, Chief Judge Lee H. Rosenthal of the Southern District of Texas observed that

> Peters is no stranger to the federal courts, having had no less than 15 cases dismissed as frivolous, malicious, or for failure to state a claim on which relief can be granted. Based on Peters' history of frivolous and abusive litigation, this court entered an order precluding him from "filing any new case in this District unless he first obtains written permission from a Judge of this District." *Peters, et al. v. Tex. Med. Bd.*, Civil No. H-22-59 (S.D. Tex. March 21, 2022). Despite this preclusion order, Peters filed his current case without obtaining such written permission. To the extent that this filing could be construed as seeking such written permission, it is denied. Given Peters' record of filing frivolous and abusive lawsuits and the clearly spurious nature of his current complaint, this court will not grant Peters permission to proceed with this action.

*Peters v. Hohl*, Civ. A. No. H-22-1672, 2022 WL 2047375, at *1 (S.D. Tex. June 7, 2022) (dismissing the complaint with prejudice, denying IFP motion under Section 1915(g), and certifying that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3)).

"[T]he judicial system is generally accessible and open to all individuals." *Kaminetzky v. Frost Nat'l Bank of Hous.*, 881 F. Supp. 276, 277 (S.D. Tex. 1995).

But "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants[, which means *p]ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.'" *Ruston v. Dall. Cnty., Tex.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Ferguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir.

1986)).

Consistent with this obligation, courts in this district routinely "honor[] sanctions imposed by other federal district courts in Texas" against prisoner and non-prisoner vexatious litigants alike. *Roy v. Ass'n Comm. to Elect Rev. Dr. Kamal K. Roy*, No. 3:08-cv-327-N, 2008 WL 1970945, at *2 (N.D. Tex. May 5, 2008).

> In general, the court retains the inherent authority to curb abusive litigation. Federal courts in Texas will honor sanctions imposed by other federal district courts in Texas against a prisoner litigant. *See* MISC. ORD. 48 (N.D. Tex.); *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1999) (affirming dismissal of action based on enforcing other district's sanction order); *Schmidt v. Van Buren*, 243 F. App'x 803 (5th Cir. June 13, 2007) (unpublished per curiam) (noting district court's enforcement of sister court's sanction orders).
> "In cases involving litigious, non-prisoner *pro se* plaintiffs, the distinction between prisoner and non-prisoner litigants is one without a difference for Misc. Ord. 48 purposes." *Sparkman v. Charles Schwab & Co., Inc., et al.*, 3:07cv1457-B (N.D. Tex. Feb. 29, 2008) (enforcing multiple sanctions and orders of the U.S. District Court for the Eastern District of Texas against non-prisoner *pro se* litigant).

*Id.* (enforcing "the sanction order of the Western District of Texas pursuant to Misc. Ord. 48" against a non-prisoner *pro se* plaintiff, dismissing action with prejudice, and barring plaintiff "from filing any future civil actions in any court in the Northern District of Texas without first seeking leave of court"); *see also Sheehan v. State of Tex.*, No. 3:05-cv-1318-K, 2005 WL 2036686, at *1 (N.D. Tex. Aug. 17, 2005) ("The proper administration of justice requires that courts [honor sanctions orders imposed by other federal courts as] to prisoner and nonprisoner litigants alike." (citations omitted)).

The Court should therefore honor the sanctions previously imposed against Peters by the Southern District of Texas and thereby summarily deny his IFP motion

and, consistent with Chief Judge Rosenthal's June 2022 order, summarily deny leave to proceed IFP and dismiss this action with prejudice.

*In the alternative*, Peters is barred from proceed IFP under Section 1915(g).

That is, prisoners (like Peters) may not proceed IFP if, while incarcerated or detained in any facility, they have filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g).

Peters is subject to this three-strikes bar. *See Peters v. Hohl*, 2022 WL 2047375, at *1; *see also, e.g.*, *Peters v. Texas*, No. 20-40583, 2022 WL 622326 (5th Cir. Mar. 3, 2022) (per curiam); *Peters v. Tex. Dep't of Crim. Justice*, No. 4:21-CV-3039, 2021 WL 4319662 (S.D. Tex. Sept. 23, 2021) (cataloguing 11 qualifying dismissals)

The only exception to this bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). But, in order to meet the "imminent danger" exception, "the 'threat or prison condition [must be] real and proximate.'" *Valdez v. Bush*, No. 3:08-cv-1481-N, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2008) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)). "Allegations of past harm do not suffice – the harm must be imminent or occurring at the time the complaint is filed." *Id.*; *see also McGrew v. La. State Penitentiary Mental Health Dep't*, 459 F. App'x 370, 370 (5th Cir. 2012) (per curiam) ("The determination whether a prisoner is under 'imminent danger' must be made at the time the prisoner seeks to file his suit in district court, when he files his notice of appeal, or when he moves for IFP status." (citing *Baños v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998))).

A prisoner must also "allege specific facts" to support the imminent-danger exception. *Valdez*, 2008 WL 4710808, at *1. "General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.* (quoting *Niebla v. Walton Corr. Inst.*, No. 3:06-cv-275-LAC-EMT, 2006 WL 2051307, at *2 (N.D. Fla. July 20, 2006)).

The "specific allegations" must therefore reflect "ongoing serious physical injury" or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). For example, as to allegedly inadequate medical care, use of "the past tense when describing" symptoms (which should be corroborated by medical records or grievances) does not allege imminent danger. *Stone v. Jones*, 459 F. App'x 442, 2012 WL 278658, at *1 (5th Cir. Jan. 31, 2012) (per curiam).

And there must be a nexus between the claims made and the imminent danger alleged. *See Stine v. Fed. Bureau of Prisons Designation & Sentence Computation Unit*, No. 3:13-cv-4253-B, 2013 WL 6640391, at *2 (N.D. Tex. Dec. 17, 2013) (citations omitted), *aff'd*, 571 F. App'x 352 (5th Cir. 2014) (per curiam).

As Peters' current civil action falls under the three-strikes provision, he may not proceed without the prepayment of fees unless he shows that he is subject to imminent danger of serious physical injury. But his complaint lacks substantive factual allegations to show that he currently is in imminent danger of serious physical injury as to overcome Section 1915(g).

So, if the Court elects not to enforce the Southern District's prior sanctions, the

Court should bar Peters from proceeding IFP under Section 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).

Considering his allegations, insofar as Peters was not convicted or sentenced by a state court in this district and is not incarcerated in this district, venue may not be proper in this district. *See* 28 U.S.C. § 1391(b). But transfer of this case would not be in the interest of justice for the reasons set out above. *See id.* §§ 1404(a), 1406(a).

Nor does the improper venue statute protect Peters from his choice of the wrong venue. *See Olberding v. Ill. Cent. Ry. Co.*, 346 U.S. 338, 340 (1953) ("[A] plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.").[1]

## Recommendation

The Court should summarily deny Plaintiff Michael Geoffrey Peters leave to proceed *in forma pauperis* and dismiss this action with prejudice under prior sanctions entered by the United States District Court for the Southern District of Texas or, *in the alternative*, the Court should dismiss this action without prejudice

---

[1] *Cf. Utterback v. Trustmark Nat'l Bank*, 716 F. App'x 241, 244 (5th Cir. 2017) (per curiam) ("When a case is filed in the wrong venue, 28 U.S.C. § 1406(a) instructs district courts either to dismiss or, 'if it be in the interest of justice,' to transfer to a district where venue is proper. Section 1406(b) adds that '[n]othing in this chapter shall impair the jurisdiction of a district court of any matter involving a party who does not interpose timely and sufficient objection to venue.' Like personal jurisdiction, venue is 'designed to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.' Therefore, 'a plaintiff, by bringing the suit in a district other than that authorized by the statute, relinquishe[s] his right to object to the venue.' Where defendants waive their objection to venue, as they did in this case, 28 U.S.C. § 1406(a) affords plaintiffs no relief." (citations omitted)).

under 28 U.S.C. § 1915(g) unless, within the time to file objections to this recommendation or by some other deadline established by the Court, Peters pays the full filing fee of $402.00.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 7, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE